AO 106A (08/18) Application for a Warrant by Telephone or Other Reliable Electronic Means

# UNITED STATES DISTRICT COURT
for the
Southern District of Ohio

| | |
|---|---|
| In the Matter of the Search of<br>*(Briefly describe the property to be searched<br>or identify the person by name and address)*<br>THE CELLULAR TELEPHONE ASSIGNED<br>CALL NUMBER 857-370-1113 | )<br>)<br>)  Case No.  2:21-mj-549<br>)<br>)<br>) |

## APPLICATION FOR A WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

See Attachment A

located in the ___unknown___ District of ___NewYork___, there is now concealed *(identify the person or describe the property to be seized)*:

See Attachment B

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

☑ evidence of a crime;
☐ contraband, fruits of crime, or other items illegally possessed;
☐ property designed for use, intended for use, or used in committing a crime;
☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 18 USC 401(3) | Contempt of Court |

The application is based on these facts:
See affidavit. To ensure technical compliance with 18 U.S.C. §§ 3121-3127, the warrant will also function as a pen register order. I certify that the information is relevant to an ongoing criminal investigation conducted by HSI.

☐ Continued on the attached sheet.

☑ Delayed notice of __30__ days *(give exact ending date if more than 30 days:* _____ *)* is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

*Applicant's signature*

Jeremy Copeland, Task Force Agent
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by
__telephone__ *(specify reliable electronic means)*.

Date: __8/19/2021__

*Judge's signature*

City and state: __Columbus, Ohio__     Chelsey M. Vascura, United States Magistrate Judge
*Printed name and title*

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN THE MATTER OF THE SEARCH OF INFORMATION ASSOCIATED WITH THE CELLULAR DEVICE ASSIGNED CALL NUMBER 857-370-1113, THAT IS STORED AT PREMISES CONTROLLED BY T-MOBILE | Case No. 2:21-mj-549 <br><br> **Filed Under Seal** |

### AFFIDAVIT IN SUPPORT OF
### AN APPLICATION FOR A SEARCH WARRANT

I, Jeremy Copeland, being first duly sworn, hereby depose and state as follows:

### INTRODUCTION AND AGENT BACKGROUND

1. I make this affidavit in support of an application for a search warrant for information associated with a certain cellular telephone assigned call number 857-370-1113, ("the SUBJECT PHONE"), that is stored at premises controlled by T-Mobile, a wireless telephone service provider headquartered at 4 Sylvan Way Parsippany, New Jersey 07054. The information to be searched is described in the following paragraphs and in Attachment A. This affidavit is made in support of an application for a search warrant under 18 U.S.C. § 2703(c)(1)(A) to require T-Mobile to disclose to the government copies of the information further described in Section I of Attachment B. Upon receipt of the information described in Section I of Attachment B, government-authorized persons will review the information to locate items described in Section II of Attachment B.

2. I am a law enforcement agent with the Department of Homeland Security, United States Customs and Border Protection, United States Border Patrol, and have been since June of 2008. I have over 12 years of total law enforcement training and experience to include, but not limited to, the detection and apprehension of undocumented foreign nationals, the detection and

investigation of the sale/use of fraudulent documents and the apprehension of fraudulent document users (imposters), and the detection and arrest of narcotics and human smugglers/traffickers and other criminal individuals. I have been trained in the laws of search and seizure at the United States Border Patrol Academy in Artesia, New Mexico and have received subsequent training in the utilization, preparation, and execution of search and seizure warrants as a member of a Sector Intelligence Unit.

3. I have over five years specialized experience as a member of a Sector Intelligence Unit, for the purposes of conducting intelligence driven operations, collection, and investigations. I have interviewed, witnessed the interview of, and participated in the debriefing of numerous illegal aliens and criminals. Through this experience, I have gained in depth knowledge concerning the trade of fraudulent documents and smuggling techniques. I have investigated both criminal and administrative violations of law pertaining to immigration, identity theft, and other federal crimes.

4. I am currently assigned to the Department of Homeland Security - Homeland Security Investigations Office, Columbus, as a Task Force Agent. As such, I have been directly involved in and supported all aspects of criminal investigation to include interviewing subjects, gathering facts, correlating information, and building criminal cases for prosecution in the Southern District of Ohio.

5. The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other agents and witnesses. This affidavit is intended to show merely that there is sufficient probable cause for the requested warrant and does not set forth all my knowledge about this matter.

6. Based on the facts set forth in this affidavit, there is probable cause to believe that violations of 18 U.S.C. § 401(3) (Contempt of Court) have been committed and are being committed by Denia Idelca AVILA. There is also probable cause to search the information described in Attachment A for evidence of these crimes as further described in Attachment B.

## PROBABLE CAUSE

*Pertinent Procedural History*

7. On July 15, 2020, AVILA was charged by way of a criminal complaint with Conspiracy to Commit Kidnapping, Attempted Kidnapping, and Conspiracy to Impersonate an Agent of the United States. At her initial appearance on July 16, 2020, Magistrate Judge Chelsey M. Vascura ordered certain conditions of release, including that AVILA's travel be restricted to the Southern District of Ohio and participation in GPS location monitoring. (Doc. #6.) On June 3, 2021, AVILA was charged in a Second Superseding Indictment with Conspiracy to Commit Kidnapping, Attempted Kidnapping, Conspiracy to Impersonate an Agent of the United States and Conspiracy to Witness Tamper. (Doc. #147.) During her arraignment on June 9, 2021, AVILA orally moved to remove the GPS location monitoring condition of her release. The United States objected. Chief Judge Algenon L. Marbley indicated the condition would be removed; the United States subsequently filed an unopposed motion to maintain the condition that AVILA is not permitted to enter the same area previously proscribed surrounding the victims while she had been subject to GPS monitoring. (Doc. #158.) The district court granted the motion, leaving the only alteration to AVILA's bond conditions that she is not subject to GPS monitoring. (Doc. #159.)

*Travel Outside the Southern District of Ohio*

8. The United States, including Homeland Security Investigations, is conducting a criminal investigation of AVILA regarding possible violations of 18 U.S.C. § 401(3) (Contempt of Court) related to information it received that indicates AVILA has traveled outside the Southern District of Ohio, in violation of her bond conditions ordered pursuant to 18 U.S.C. § 3142(c).

9. Between on or about August 17, 2021 and August 19, 2021, law enforcement learned from Cooperating Sources (CS) that AVILA had been dropped off at a Greyhound bus station on or about August 15, 2021 and was headed to New York for at least several days though a specific duration was not known and at least one purpose of the trip was to get a passport. CS indicated that AVILA's cellular telephone number is 857-370-1113, the Target Cell Phone. At least one CS had communicated with AVILA using the Target Cell Phone two days ago.

10. On August 18, 2021, AVILA's Pretrial Services Officer Frank Clardy confirmed that she is not allowed to travel outside of the Southern District of Ohio without permission from the court. He further confirmed that AVILA had not made any requests to him for such travel. The docket, likewise, reflects no motions for travel outside of the district.

11. As set forth above, AVILA is not permitted to leave the Southern District of Ohio without permission from the court. This was a clear and reasonably specific order set forth in her conditions of release. There is probable cause that she has violated this order. The requested warrant would assist law enforcement in corroborating the witness statements about AVILA's travel and gathering evidence as to AVILA's current location.

12. In my training and experience, I have learned that T-Mobile is a company that provides cellular telephone access to the general public. I also know that providers of cellular telephone service have technical capabilities that allow them to collect and generate information about the locations of the cellular telephones to which they provide service, including cell-site data, also known as "tower/face information" or "cell tower/sector records." Cell-site data identifies the "cell towers" (i.e., antenna towers covering specific geographic areas) that received a radio signal from the cellular telephone and, in some cases, the "sector" (i.e., faces of the towers) to which the telephone connected. These towers are often a half-mile or more apart, even in urban areas, and can be 10 or more miles apart in rural areas. Furthermore, the tower closest to a wireless device does not necessarily serve every call made to or from that device. Accordingly, cell-site data provides an approximate location of the cellular telephone but is typically less precise than other types of location information, such as E-911 Phase II data or Global Positioning Device ("GPS") data.

13. Based on my training and experience, I know that T-Mobile can collect cell-site data about the SUBJECT PHONE. I also know that wireless providers such as T-Mobile typically collect and retain cell-site data pertaining to cellular phones to which they provide service in their normal course of business in order to use this information for various business-related purposes.

14. Based on my training and experience, I know that wireless providers such as T-Mobile typically collect and retain information about their subscribers in their normal course of business. This information can include basic personal information about the subscriber, such as name and address, and the method(s) of payment (such as credit card account number) provided by the subscriber to pay for wireless telephone service. I also know that wireless providers such

5

as T-Mobile typically collect and retain information about their subscribers' use of the wireless service, such as records about calls or other communications sent or received by a particular phone and other transactional records, in their normal course of business. In my training and experience, this information may constitute evidence of the crimes under investigation because the information can be used to identify the SUBJECT PHONE's user or users and may assist in the identification of co-conspirators and/or victims.

## AUTHORIZATION REQUEST

15. Based on the foregoing, I request that the Court issue the proposed search warrant, pursuant to 18 U.S.C. § 2703(c) and Federal Rule of Criminal Procedure 41.

16. I further request that the Court direct T-Mobile to disclose to the government any information described in Section I of Attachment B that is within its possession, custody, or control. Because the warrant will be served on T-Mobile, who will then compile the requested records at a time convenient to it, reasonable cause exists to permit the execution of the requested warrant at any time in the day or night.

17. I further request that the Court order that all papers in support of this application, including the affidavit and search warrant, be sealed until further order of the Court. These documents discuss an ongoing criminal investigation that is neither public nor known to all of the targets of the investigation. Accordingly, there is good cause to seal these documents because their premature disclosure may seriously jeopardize that investigation, including by giving targets an opportunity to destroy or tamper with evidence, change patterns of behavior, notify confederates, and flee from prosecution.

Respectfully submitted,

Jeremy Copeland
Task Force Officer
Department of Homeland Security

Subscribed and sworn to before me on __August 19_____, 2021___

UNITED STATES MAGISTRATE JUDGE

## ATTACHMENT A

### Property to Be Searched

This warrant applies to records and information associated with the cellular telephone assigned call number 857-370-1113, ("the Account"), that are stored at premises controlled by T-Mobile ("the Provider"), headquartered at 4 Sylvan Way Parsippany, New Jersey 07054.

## ATTACHMENT B

### Particular Things to be Seized

**I. Information to be Disclosed by the Provider**

To the extent that the information described in Attachment A is within the possession, custody, or control of the Provider, including any information that has been deleted but is still available to the Provider or that has been preserved pursuant to a request made under 18 U.S.C. § 2703(f), the Provider is required to disclose to the government the following information pertaining to the Account listed in Attachment A for the time period of June 9, 2021, when she was released from GPS monitoring, to present:

    a. The following information about the customers or subscribers of the Account:

        i. Names (including subscriber names, user names, and screen names);

        ii. Addresses (including mailing addresses, residential addresses, business addresses, and e-mail addresses);

        iii. Local and long distance telephone connection records;

        iv. Records of session times and durations, and the temporarily assigned network addresses (such as Internet Protocol ("IP") addresses) associated with those sessions;

        v. Length of service (including start date) and types of service utilized;

        vi. Telephone or instrument numbers (including MAC addresses, Electronic Serial Numbers ("ESN"), Mobile Electronic Identity Numbers ("MEIN"), Mobile Equipment Identifier ("MEID"); Mobile Identification Number ("MIN"), Subscriber Identity Modules ("SIM"), Mobile Subscriber Integrated Services Digital Network Number ("MSISDN"); International Mobile Subscriber Identity Identifiers ("IMSI"), or International Mobile Equipment Identities ("IMEI");

        vii. Other subscriber numbers or identities (including the registration Internet Protocol ("IP") address); and

      viii. Means and source of payment for such service (including any credit card or bank account number) and billing records.

b. All records and other information (not including the contents of communications) relating to wire and electronic communications sent or received by the Account, including:

      i. the date and time of the communication, the method of the communication, and the source and destination of the communication (such as the source and destination telephone numbers (call detail records), email addresses, and IP addresses); and

      ii. information regarding the cell tower and antenna face (also known as "sectors") through which the communications were sent and received.

## II. Information to be Seized by the Government

All information described above in Section I that constitutes evidence of violations of 18 U.S.C. § 401(3) involving Denia Idelca AVILA during the period of June 9, 2021 through present.

Law enforcement personnel (who may include, in addition to law enforcement officers and agents, attorneys for the government, attorney support staff, agency personnel assisting the government in this investigation, and outside technical experts under government control) are authorized to review the records produced by the Provider in order to locate the things particularly described in this Warrant.

3